UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAULETTE CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1721 CDP |
| | ) | |
| CAINE & WEINER COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Paulette Curtis received a letter from defendant Caine & Weiner Company, Inc. (C&W), informing her that it was attempting to collect a debt owed by her to Safeco Insurance. Curtis secured legal counsel and thereafter called C&W to advise that she was unable to pay the alleged debt and, further, that she had secured an attorney on the matter. After being told that Curtis was represented by counsel, C&W asked her to set up a payment plan in lieu of attorney representation. These factual allegations are sufficient to state a claim under the Federal Debt Collections Practices Act (FDCPA). I will therefore deny C&W's motion to dismiss.

**Background**

Curtis makes the following factual allegations in her First Amended Complaint:

In April 2015, C&W sent a letter to Curtis informing her that it was attempting to collect a debt owed by her to Safeco Insurance in the amount of $230. Curtis believed that she did not owe this debt to Safeco because she did not owe a premium when she cancelled her relevant auto policy. Nevertheless, Curtis could not afford to pay the debt, and she hired an attorney to advise her on the matter.

In May 2015, Curtis called C&W to inform it that she was unable to pay the alleged debt and, further, that she had secured legal counsel. During the course of this telephone call, Curtis informed C&W that she did not agree that she owed the balance allegedly due and then advised that she had secured counsel because she could not afford to pay the debt. Curtis attempted to give her attorney's name to C&W, but C&W asked her to set up a payment plan in lieu of her attorney representation. Curtis then provided her attorney's telephone number, and the call ended.

Defendant C&W now moves to dismiss Curtis's First Amended Complaint under Fed. R. Civ. P. 12(b)(6), arguing that the factual allegations are insufficient to state a claim under the FDCPA. I disagree and will deny the motion.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the Complaint. When considering a Rule 12(b)(6) motion, I must

assume the factual allegations of the Complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a Complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly,* 550 U.S. at 570. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, ___, 131 S. Ct. 1289, 1296 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**Discussion**

Congress enacted the FDCPA, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, and debt collectors are strictly

liable for failure to comply with any of its provisions. *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006); *Istre v. Miramed Revenue Grp., LLC*, No. 4:14CV1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Octo. 7, 2014). Given its purpose, the FDCPA is to be construed liberally to protect consumers. *Istre*, 2014 WL 4988201, at *2.

In this action, Curtis claims that C&W's conduct in its attempt to collect a debt violated various of the FDCPA's provisions, and specifically, §§ 1692c, 1692d, 1692e, and 1692f. For the following reasons, Curtis's factual allegations are sufficient to state claims under the FDCPA that are plausible on their face.

1. <u>15 U.S.C. § 1692c</u>

Section 1692c(a)(2) provides in relevant part that

> [w]ithout the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate with a consumer in connection with the collection of any debt ---
>
> if the debt collector knows the consumer is represented by an attorney with respect to such debt and had knowledge of, or can readily ascertain, such attorney's name and address, . . . unless the attorney consents to direct communication with the consumer[.]

Once a debt collector is notified that a consumer has legal representation, the collector may only seek the attorney's contact information from the consumer. *See Robin v. Miller & Steeno, P.C.*, No. 4:13CV2456 SNLJ, 2014 WL 3734318, at *2 (E.D. Mo. July 29, 2014). Absent the consumer's or the attorney's consent, all other subsequent communication with the consumer is prohibited. *Id.*

Here, Curtis alleges that she notified C&W that she had an attorney and attempted to give C&W his name; but instead of obtaining contact information for the attorney, C&W continued in its collection effort by asking Curtis to enroll in a payment plan in lieu of attorney representation. It was only after this continued communication when C&W obtained information regarding the attorney and ended the call. This allegation that C&W continued to communicate with Curtis regarding her debt despite its knowledge of her legal representation is sufficient to state a claim under § 1692c. *Istre*, 2014 WL 4988201, at *2-3; *Robin*, 2014 WL 3734318, at *2. The fact that Curtis initiated the telephone call does not remove the alleged offending conversation from the strictures of § 1692c. Contrary to C&W's assertion, a consumer's initiation of a telephone call to a debt collector is insufficient by itself to demonstrate the consumer's prior consent to subsequent unlawful communication. *Istre*, 2014 WL 4988201, at *2.

To the extent C&W suggests that Curtis was with her attorney when she called C&W and that counsel's presence demonstrates his consent to direct communication between Curtis and C&W, this suggestion assumes matters outside the pleadings and will not be considered on this Rule 12(b)(6) motion.

Finally, C&W argues that being "tricked" into a "technical violation" of the statute is not what Congress intended when enacting the FDCPA. As noted *supra*, however, the FDCPA provides for strict liability and is to be construed liberally to

protect consumers. Nevertheless, C&W's allegation of trickery assumes facts not before me on this motion to dismiss and will not be considered.

The facts alleged by Curtis are sufficient to state a claim for relief under § 1692c that is plausible on its face.

2. <u>15 U.S.C. §§ 1692d & 1692f</u>

Section 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Under § 1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." Curtis claims that, despite its knowledge that she was represented by counsel, C&W attempted to induce her to forego legal representation and to set up a payment plan to pay a debt that she did not owe. Although C&W argues that this alleged conduct is not so egregious to be considered harassment, abusive, or unfair as contemplated by Congress when enacting the statute, I note that such matters are issues of fact that cannot be resolved on a motion to dismiss but normally are determined by the trier of fact at trial. *Istre*, 2014 WL 4988201, at *3; *see also Pratt v. CMRE Fin. Servs., Inc.*, No. 4:10-CV-2332 (CEJ), 2011 WL 1212221, at *2 (E.D. Mo. Mar. 30, 2011).

The allegations raised in Curtis's amended complaint are legally sufficient to state a claim under §§ 1692d and f. The issues of fact raised by C&W's motion are

not appropriate for resolution at this stage of the proceedings.

3. <u>15 U.S.C. § 1692e</u>

As is relevant here, § 1692e prohibits a debt collector's use of false, deceptive, or misleading representations or means in connection with the collection of any debt, including "[t]he false representation of the character, amount, or legal status of any debt[.]" 15 U.S.C. § 1692e(2)(A). Curtis's claim that C&W attempted to collect a debt that was not owed is sufficient to state claim that it made a false representation as to the amount of a debt. *Cf. Eckert v. LVNV Funding, LLC*, 647 F. Supp. 2d 1096, 1104 (E.D. Mo. 2009).

Accordingly, because Curtis has pled sufficient facts in her First Amended Complaint to state claims for relief under the FDCPA that are plausible on their face,

**IT IS HEREBY ORDERED** that defendant Caine & Weiner Company, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [13] is **DENIED**.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February, 2016.